UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GARY MILLER and DIANE
MILLER,

      Plaintiffs,

      v.

NORTHWEST TRUSTEE
SERVICES, INC., JENNIFER
PAYNE, and GREEN TREE
SERVICING, LLC,

      Defendants.

NO.  CV-05-5043-RHW

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

     Before the Court is Defendants Northwest Trustee Services, Inc.'s
("NWTS") and Jennifer Payne's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)
failure to state a claim upon which relief can be granted (Ct. Rec. 3), and
Defendant Green Tree Servicing, LLC's ("Green Tree") Motion to Compel
Arbitration and to Dismiss (Ct. Rec. 18).  A telephonic motion hearing was held on
July 14, 2005.  The Plaintiffs Gary and Diane Miller appeared *pro se*; Defendants
NWTS and Payne were represented by Lance E. Olsen; Defendant Green Tree was
represented by Erika Balazs.  For the reasons described below, Defendants
NWTS's and Payne's Motion to Dismiss is granted and Defendant Green Tree's
Motion to Compel Arbitration and Dismiss is granted.

## BACKGROUND

     This action concerns the foreclosure on a Deed of Trust and promissory note
executed by the Plaintiffs Gary and Diane Miller, to Conseco Bank, Inc.
("Conseco") on May 25, 2001 to secure a loan of $67,076.49.  The Note contains

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 1**

an agreement to arbitrate claims.  On May 31, 2001 Conseco assigned their interest in the loan to Conseco Finance Servicing Corp. ("CFC"), as provided in section one of the Note.  The ownership of the loan was then sold to a securitization trust, under which CFC retained the servicing rights to the loan.  CFC delegated its servicing duties to its subsidiary Conseco Financial Servicing Corp. ("CFSC").  The loan was eventually sold to CFN Investment Holdings, LLC ("CFN"), but the same trust continued to be the holder of the loans.  CFN delegated duties as servicer to its subsidiary, Defendant Green Tree.  Green Tree, in turn, appointed NWTS as trustee for the Deed of Trust on March 17, 2005, to engage in a nonjudicial foreclosure action.

The Millers allege that they sent a letter to Green Tree, NWTS and Jennifer Payne on January 5, 2005.  NWTS sent a Notice of Default ("NOD") to the Millers on March 18, 2005.  The Millers responded with a letter dated March 21, 2005, which alleges violations of the FDCPA.  On March 30, 2005, NWTS and Ms. Payne responded with a letter stating that no violations of the FDCPA had occurred and that the foreclosure would resume.

On April 20, 2005, this action was filed.  The Verified Petition (Ct. Rec. 1) alleges that the Defendants Northwest Trustee Services ("NWTS"), Jennifer Payne, and Green Tree Servicing, LLC, engaged in illegal debt collection practices, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g(3) and 1692g(4).

## I.    Jurisdiction

In briefing and at the motions hearing, Plaintiffs Gary and Diane Miller argue that this Court lacks jurisdiction to hear the instant action.  Because the United States District Court is a court of limited jurisdiction[1], it must have both subject matter jurisdiction over the claims alleged and personal jurisdiction over the parties involved.

[1] A court has jurisdiction over a case if it has power to decide the case.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS \* 2**

In 28 U.S.C. § 1331, Congress granted district courts jurisdiction to adjudicate cases arising under the United States Constitution or federal statutes. The Millers allege violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The FDCPA is a federal statute. Therefore, claims brought under the FDCPA "arise" under federal law. Accordingly, this Court has subject matter jurisdiction to hear Plaintiffs' claims. 28 U.S.C. § 1331.

Personal jurisdiction relates to a court's power to bring a person or entity into its adjudicative process to adjudicate personal rights. *See International Shoe v. Washington*, 326 U.S. 310, 317-20 (1945). When a plaintiff files a federal lawsuit, the plaintiff invokes the federal court's jurisdiction, and the court has personal jurisdiction to adjudicate the plaintiff's personal rights. On occasion, a court may lack personal jurisdiction over a *defendant* because that defendant is insufficiently connected to the federal forum. In the present case, Plaintiffs Gary and Diane Miller have invoked the Court's jurisdiction by filing the present lawsuit; therefore, this Court has personal jurisdiction over the Plaintiffs.

The Plaintiffs assert that because the Defendants have not filed an original promissary note, this Court lacks jurisdiction to hear the Defendants' motions.[2] This proposition is unsupported by law. As explained above, the Court has subject matter jurisdiction to hear the FDCPA claims, and personal jurisdiction to adjudicate Plaintiffs' rights.[3]

---

[2] The Court notes that Defendants have not alleged that they did not execute the promissory note. Instead, they argue that because the original promissory note has not been presented, the Court must act as if it does not exist. Plaintiffs cite no authority for this proposition.

[3] While the existence of the promissory note is relevant to the question of whether the Plaintiffs entered into an arbitration agreement with Defendants, Defendants have presented no evidence that the promissory note does not exist.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 3**

1    **II.    Motion to Dismiss**

2        The Defendants NWTS and Jennifer Payne assert that they should be

3    dismissed as parties because the FDCPA is inapplicable to NWTS, as a trustee

4    foreclosing the Millers' Deed of Trust, and Jennifer Payne, an employee of NWTS.

5    Alternately, they maintain that no violation of the FDCPA has occurred.

6        A motion under Rule 12(b)(6) should be granted only if "it appears beyond

7    doubt that the plaintiff can prove no set of facts in support of his claim which

8    would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  All

9    material allegations in a complaint must be taken as true and viewed in the light

10   most favorable to the plaintiff.  *Geraci v. Homestreet Bank,* 347 F.3d 749, 751 (9th

11   Cir. 2003).  The Court, in reviewing a Rule 12(b)(6) motion, must consider only

12   the facts alleged in the pleadings, documents attached as exhibits and matters of

13   judicial notice.  *Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group*

14   *Ltd.,* 181 F.3d 410, 426 (3rd Cir. 1999).

15       The Plaintiffs allege that NWTS and Ms. Payne are third party debt

16   collectors who attempted to collect a debt.  Under the FDCPA, a "debt" is defined

17   as

18       any obligation or alleged obligation of a consumer to pay money arising out
19       of a transaction in which the money, property, insurance, or services which
         are the subject of the transaction are primarily for personal, family, or
20       household purposes, whether or not such obligation has bene reduced to
         judgment.

21    15 U.S.C. § 1692a(5).  A "debt collector" is defined, in part, as

22       any person who uses any instrumentality of interstate commerce or the mails
         in any business the principal purpose of which is the collection of any debts,
23       or who regularly collects or attempts to collect, directly or indirectly, debts
         owed or due or asserted to be owed or due another.

24    15 U.S.C. § 1692a(6).  The statute specifically excludes "any officer or employee

25    of a creditor while, in the name of the creditor, collecting debts of such creditor"

26

27   ───────────────────────

28   Instead, Plaintiffs merely claim that Defendants have failed to present

     "jurisdictional evidence."

     **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 4**

from the definition of a "debt collector." 15 U.S.C. § 1692a(6)(A).

Courts have consistently found that mortgage companies and their trustees that engaged in foreclosure are not "debt collectors" under 15 U.S.C. § 1692a(6) because they are not seeking to collect money; instead, they are seeking to enforce a secured interest (the Deed of Trust), to gain property. *See Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (finding "foreclosing on a trust deed is distinct from the collection of the obligation to pay money . . . . Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property."); *see Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716 (D. W.Va. 1998) (finding that because "the trustees were not collecting on the debt at that time but merely foreclosing on the property pursuant to the deed of trust, these activities do not fall within the terms of the FDCPA"), *aff'd*, 173 F.3d 850 (4th Cir. 1999); *Oldroyd v. Associates Consumer Discount Co.*, 863 F. Supp. 237 (E.D. Pa. 1994) (mortgage company is not a "debt collector" under FDCPA).

Because Defendants NWTS and Jennifer Payne are not debt collectors seeking to enforce a debt, the provisions of the FDCPA relied upon by the Plaintiffs do not apply.  Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted.

## III.    Motion to Dismiss and Compel Arbitration

Before the Court is Defendant Green Tree's Motion to Compel Arbitration and Dismiss (Ct. Rec. 18).  Green Tree asserts that this loan dispute falls within the scope of the arbitration agreement contained in a promissory note signed by the Plaintiffs.  Accordingly, Green Tree requests that this action be dismissed and sent to arbitration. In the alternative, Green Tree asks the Court to continue the hearing on the Plaintiffs' Motion for Summary Judgment and allow the Defendant at least 10 days from the date of the Court's order to respond to such motion.  The Plaintiffs allege that Green Tree engaged in improper acts to collect the debt at

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 5**

issue, and that this dispute does not fall within the scope of the arbitration agreement.

### A.    Standard of Review

The standard for demonstrating arbitrability is not high. The Federal Arbitration Act ("FAA") mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985). In determining whether the parties agreed to arbitrate the dispute, a court should consider (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute falls within the scope of the agreement. *Webb v. Investacorp, Inc.* 89 F.3d 252, 257-58 (5th Cir. 1996).

Federal courts must order parties to proceed to arbitration if there has been a "failure, neglect, or refusal" to honor an agreement to arbitrate. *See* 9 U.S.C. § 4. It is well-established that a party to an arbitration agreement cannot obtain a jury trial merely by demanding one. *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992). Absent unmistakably clear language to the contrary, arbitration should be ordered unless it can be said that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, (1983).

### B.    The Arbitration Agreement

The Court must determine whether Plaintiffs' FDCPA claims fall under a valid arbitration agreement.  The arbitration clause in the note executed by Conseco Bank and Plaintiffs states:

**THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN).**

The provision further specifies that "the parties agree and understand that all

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 6**

disputes arising under . . . statutory law . . . will be subject to binding arbitration."
The agreement purports to apply to:

> all disputes, claims or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire agreement . . . .

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2, 4 *et seq.*, absent claims that the arbitration agreement was fraudulently created, contracts must be generously construed in favor of arbitration. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). This principle also applies to statutory claims, unless the party seeking to avoid arbitration establishes that Congress intended to preclude arbitration of the statutory rights at issue. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624 (1985); *see also Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000).[4]

The Ninth Circuit has found that the contractual language "all disputes arising under" must be construed liberally in arbitration clauses. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). Disputes need only "touch matters" covered by the contract. *Id.* Other circuits, analyzing the same language, have reasoned that the clause does not limit arbitration to the literal interpretation or performance of the contract but embraces every dispute having a significant

---

[4] Neither the text of the FDCPA, its legislative history, nor an examination of the FDCPA's underlying purpose reveals any indication that Congress intended to preclude FDCPA claimants from resolving their disputes in arbitration. *See Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 20, 26 (1991). Accordingly, courts have permitted broad arbitration clauses in FDCPA actions. *See Carbajal v. H & R Block Tax Servs., Inc.*, 372 F.3d 903, 906 (7th Cir. 2004) (finding that broad arbitration clause in loan agreement is not unconscionable); *see also Green Tree*, 531 U.S. 79 (2000) (holding that mere "risk" that plaintiff would be saddled with extra costs was too speculative to invalidate arbitration agreement).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 7**

relationship to the contract. *Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863
F.2d 315, 321 (4th Cir. 1988); *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840,
846 (2nd Cir. 1987) (finding that any claims concerning the parties' loan
agreement obligations should be arbitrated); *Blinco v. Green Tree Servicing*, 400
F.3d 1308, 1312 (11th Cir. 2005) (broad arbitration clause valid for assigned
servicer of loan); *see also Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981
F.2d 752, 755 (5th Cir. 1993).

        The Court finds that the Millers are bound by the Note's arbitration
agreement, and Green Tree is entitled to enforce the arbitration clause to arbitrate
this dispute.  Plaintiffs argue that they have not signed an agreement with any of
the Defendants.  Section one of the promissory note, however, expressly provides
that Conseco could transfer or assign its rights and obligations under the Note.
Because the Note does not limit arbitration to disputes between the original parties
to the agreement, the Court finds that the Note contemplates that Borrowers may
have to arbitrate disputes with future, assigned Lenders.  Therefore, the Court finds
that Green Tree, servicing the loan on behalf of assignee CFH, has acquired the
right to compel the Plaintiffs to arbitrate their FDCPA claims.  The Court finds that
Plaintiffs' FDCPA claims fall within the scope of the loan agreement because they
"arise from" the debt created by the note and "the relationships which result from"
the note.

        Accordingly, based on Section 9 of the promissory note, the Court grants
Green Tree's motion to compel arbitration and dismiss.

**IV.    Plaintiffs' Summary Judgment Motion**

        At the hearing, Plaintiffs objected to the Court hearing Defendants' motion
prior to hearing their motion for summary judgment.  Courts have inherent
authority to schedule motions to facilitate the efficient administration of justice.
Because the Court has based its decision to dismiss on Plaintiffs' failure to state a
claim for which relief may be granted, and a binding arbitration agreement, the

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS * 8**

1    Court finds that further discovery would be fruitless.

2        Having reviewed the record, heard from counsel, and been fully advised in

3    this matter, **IT IS HEREBY ORDERED** that:

4        1.    Defendants Northwest Trustee Services, Inc.'s and Jennifer Payne's

5    Motion to Dismiss (Ct. Rec. 3) is **GRANTED**.

6        2.    Defendant Green Tree Servicing, LLC's Motion to Compel Arbitration

7    and to Dismiss (Ct. Rec. 17) is **GRANTED**.

8        3.    Defendant Green Tree Servicing, LLC's Motion to Shorten Time (Ct.

9    Rec. 15) is **DENIED**.

10       4.    Plaintiffs' Motion for Summary Judgment (Ct. Rec. 12) is **DENIED AS**

11   **MOOT**.

12       5.    The above-captioned action is **DISMISSED WITH PREJUDICE**.

13       6.    The District Court Executive is directed to **close the file**.

14       **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

15   Order and forward copies to counsel and to Plaintiffs, *pro se*, and **close the file**.

16       **DATED** this 20th day of July, 2005.

17

18                           s/ ROBERT H. WHALEY
                          United States District Judge
19

20

21

22

23   Q:\CIVIL\2005\Miller\dismissord.wpd

24

25

26

27

28

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS \* 9**